UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SIMS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>   Defendants. | No.  2:12-CV-2702-JAM-AC<br><br>**ORDER LIFTING STAY; DENYING MOTION TO REMAND; and GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS.** |

The Court previously considered Plaintiff Phillip Sims' Motion to Remand (Doc. # 8) and stayed this action (Order, February 27, 2013, Doc. # 21) pending the outcome of <u>Standard Fire Ins. Co. v. Knowles</u>, 133 S. Ct. 1345 (2013).  The issue decided by the Supreme Court in <u>Standard Fire</u> bears directly on this Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Due to the stay, Defendant's pending Motion to Dismiss Plaintiff's Seventh and Eighth Claims and Request for Punitive Damages (Doc. # 6) was not

decided.[1]  On April 3, 2013, the parties filed a stipulation (Doc. # 22) informing the Court that the Standard Fire decision was published and requesting a final order on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss if the action is not remanded.  The stay on this action is accordingly lifted.

## I. MOTION TO REMAND

As fully discussed in the Court's February 27, 2013 Order, federal subject matter jurisdiction exists over this action if Plaintiff is not permitted to waive recovery beyond CAFA's $5,000,000 jurisdictional threshold on behalf of both himself and absent members of the class he seeks to represent.  Standard Fire unequivocally held that such waivers are ineffective and cannot defeat federal subject matter jurisdiction under CAFA.  133 S. Ct. 1345, 1350–51 (2013) (holding that stipulations purporting to waive recovery of damages over $5,000,000 are to be ignored when determining a CAFA amount in controversy).  Accordingly, in conformity with the holding in Standard Fire and for the reasons given in the Court's February 27, 2013 Order, Plaintiff's motion to remand is denied because this Court has subject matter jurisdiction over this action.

## II. MOTION TO DISMISS

The substantive claims raised by Plaintiff relate to his former employment with Defendant.  Plaintiff was a Retail Store

---

[1] The motions to remand to dismiss were both originally calendared for hearing on January 23, 2013, but the matters were submitted without oral argument pursuant to Eastern District of California Local Rule 230(g).

Manager ("RSM") for one of Defendant's retail locations. Plaintiff alleges that his position was unlawfully classified as exempt from state overtime and break period laws. Plaintiff seeks unpaid wages, overtime compensation, meal and rest break compensation, statutory penalties, and relief under California's Unfair Competition law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.

In its motion to dismiss, Defendant seeks to dismiss Plaintiff's Seventh and Eighth causes of action along with his request for punitive damages. The Seventh cause of action is in tort for conversion of Plaintiff's earned but unpaid wages. The Eighth Cause of Action is for violation of the UCL.

A.   Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory.

Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.  Discussion

1.  Seventh Cause of Action, Conversion

(a)  "New-right Exclusive-remedy" Rule

Defendant seeks dismissal of Plaintiff's claim for conversion of Plaintiff's allegedly unpaid wages on the theory that violations of the Labor Code are limited to the remedies and penalties contained therein pursuant to California's "new right-exclusive remedy" rule. Plaintiff disputes Defendant's position and argues that the "new right-exclusive remedy" rule does not apply to the facts of this case. Plaintiff's allegations related to his conversion claim are limited to unpaid wages, and he does not allege conversion of statutory penalties related to waiting time or meal and rest breaks.

The California Supreme Court has recognized as a matter of statutory interpretation that, "[a]s a general rule, where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." Rojo v. Kliger, 52 Cal. 3d 65, 79 (1990). Conversely, "where a statutory remedy

1  is provided for a preexisting common law right, the newer remedy
2  is generally considered to be cumulative, and the older remedy
3  may be pursued at the plaintiff's election." Id. The first step
4  in analyzing whether the "new right-exclusive remedy" rule
5  applies is therefore to determine whether the statute at issue
6  created a right not available under the common law.

7  Defendant relies on a series of federal district court cases
8  that apply the "new right-exclusive remedy" rule and find that
9  the California Labor Code preempts conversion claims for unpaid
10 wages.  The first decision in this line of cases, Green v. Party
11 City Corp., No. CV-01-09681 CAS (EX), 2002 WL 553219 (C.D. Cal.
12 Apr. 9, 2002), involved a motion for judgment on the pleadings.
13 Id. at *3.  The Green court held that an employee's right to
14 overtime is a right created by statute and additional causes of
15 action are therefore barred by the comprehensive remedial scheme
16 in the Labor Code.  Id. at *5.  A subsequent Central District
17 case applied Green's reasoning to recovery of meal and rest break
18 penalties under California Labor Code § 226.7.  Pulido v. Coca-
19 Cola Enters., Inc., No. EDCV06-406VAP(OPX), 2006 WL 1699328, at
20 *1 (C.D. Cal. May 25, 2006).  A Northern District case then
21 relied on Green and Pulido to hold that the "new right-exclusive
22 remedy" rule barred a conversion claim for unpaid overtime wages
23 because the Labor Code created the right to overtime and also
24 provided the exclusive remedies for failure to pay wages.  In re
25 Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609
26 (N.D. Cal. 2007).

27 Defendant also relies on two decisions from the Eastern
28 District that support its position.  The first, Vasquez v. Coast

5

Valley Roofing Inc., No. CV-F-07-227-OWW-DLB, 2007 WL 1660972 (E.D. Cal. June 6, 2007), did not apply the "new right-exclusive remedy" rule. That case relied on an absence of California authority permitting a conversion claim for unpaid overtime, authority from other states, and the comprehensive remedial scheme in the Labor Code to determine that the Labor Code provided the exclusive remedy for non-payment of overtime wages. Id. at *10. The final case cited by Defendant, Jacobs v. Genesco, Inc., No. CIV. S-08-1666 FCD DAD, 2008 WL 7836412 (E.D. Cal. Sept. 3, 2008), relied on Green, Pulido, Wal-Mart, and Vasquez in holding that the "new right-exclusive remedy" rule applied to bar a conversion claim for unpaid wages. Id. at *3. While these cases may be considered for their persuasive value, they are nonbinding authority.

  When a federal district court interprets state law, it is bound by the decisions of the highest state court. Vernon v. City of L.A., 27 F.3d 1385, 1391 (9th Cir. 1994) (citing Hewitt v. Joyner, 940 F.2d 1561, 1565 (9th Cir. 1991)). "Where the state supreme court has not spoken on an issue presented to a federal court, the federal court must determine what result the state supreme court would reach based on state appellate court opinions, statutes, and treatises." Id. The California Supreme Court has not directly addressed the application of the "new right-exclusive remedy" rule to common law claims for unpaid minimum and overtime wages. This Court must therefore determine what result the California Supreme Court would reach on this issue.

6

The California Supreme Court, in a case not involving the "new right-exclusive remedy" rule, determined that the Labor Code does not provide the exclusive remedies for unpaid wages. Cortez v. Purolator Air Filtration Prods. Co., 23 Cal. 4th 163 (2000). In Cortez, the Supreme Court held that an employee could bring a California Business and Professions Code § 17203 claim for the restitution of unpaid wages. Id. at 178 ("We are satisfied . . . that an order that a business pay to an employee wages unlawfully withheld is consistent with the legislative intent . . . in section 17203 . . . ."). The "new right-exclusive remedy" rule is one of statutory interpretation by which courts determine the legislature's intent. Based on Cortez, the California Supreme Court has already conclusively determined that the legislature did not intend to limit actions for unpaid wages to the remedies and penalties contained in the Labor Code. Applying the "new right-exclusive remedy" to limit a plaintiff's causes of action to those contained in the Labor Code would impermissibly conflict with Cortez because Cortez authorized a separate cause of action and remedy not found in the Labor Code to recover unpaid wages.

The Green decision considered Cortez and found that the case did not authorize a claim for conversion of unpaid wages. 2002 WL 553219, at *4. A close reading of that decision, however, shows that the court did not consider the possibility that the holding in Cortez shows that the remedies in the Labor Code are not the exclusive remedy for unpaid wages. Id. The court acknowledged that under Cortez a § 17200 claim was permissible and independent of the remedies in the Labor Code, but the court also held that a conversion claim for unpaid wages was not

permitted only because "Plaintiff fails to cite, and this Court was unable to find, a case in which a statutorily-based claim for nonpayment of wages has been the subject of a conversion claim." Id. The Green court concluded, considering the facts of that particular case coupled with a lack of authority expressly authorizing an action for conversion, that the plaintiff's claims were limited to those authorized by the Labor Code. Id. at *5. If the holding in Green is read to apply the "new right-exclusive remedy" rule to actions for unpaid wages, it is difficult if not impossible to reconcile it with the binding precedent in Cortez.

    Moreover, the portion of the holding in Green that was based on application of the "new right-exclusive remedy" rule is not persuasive. The Green court never reached the question of whether or not a right to recover overtime pay and unpaid wages existed at common law because the parties did not dispute that issue. Id. at *4. Green's holding only presumed that such rights did not exist at common law; but if such rights did exist at common law, the "new right-exclusive remedy" rule cannot apply to actions for unpaid wages because such recoveries would not constitute a new right. Pulido similarly only addressed penalties related to meal and rest break periods, which the parties in that case agreed were rights created by the Labor Code. No. EDCV06-406VAP(OPX), 2006 WL 1699328, at *1 (C.D. Cal. May 25, 2006). Wal-Mart assumed without analysis, citing Green and Pulido, that the rights contained in the Labor Code did not exist at common law. 505 F. Supp. 2d 609, 618-19 (N.D. Cal. 2007). As explained in Rojo, however, the first and necessary step in the "new right-exclusive remedy" rule is determining

whether or not the right existed at common law.  52 Cal. 3d 65, 79 (1990).

California established the Industrial Welfare Commission ("IWC"), the entity charged with determining and enforcing a minimum wage, by statute in 1913.  Martinez v. Combs, 49 Cal.4th 35, 50 (2010).  The first minimum wage of $0.16 per hour was established in 1916.[2]  Also in 1913, the California legislature enacted a statute enabling any employee to recover wages due under the minimum wage and overtime laws.  Martinez, 49 Cal.4th at 50 (citing Cal. Lab. Code § 1194).  Prior to 1913, actions existed to recover unpaid wages and overtime wages at common law.  Under the common law, an employee could recover unpaid wages through an action in contract or, if the contract was legally void, in quantum meruit for the value of services rendered.  Brown v. Crown Gold Milling Co., 150 Cal. 376, 383-84 (1907) (discussing actions for breach of an employment contract and actions in quantum meruit for recovery of the value of services rendered in employment).  Where an employee performed work outside of the normal scope of the employment agreement, the employee could recover in quantum meruit the value of that work in addition to his regular salary.  Id. at 389.  As recently as 1977, a California appellate court approved a common law cause of action for the recovery of wages for mandatory trainings attended outside of normal working hours, or in other words, a common law cause of action to recover overtime pay.  Wilson v. Cnty. of

---

[2] History of California Minimum Wage, http://www.dir.ca.gov/iwc/MinimumWageHistory.htm (last visited Apr. 22, 2013).

Santa Clara, 68 Cal. App. 3d 78, 86 (1977) (holding that the federal Fair Labor Standards Act regulating minimum and overtime wages was, in part, a codification of wage rights existing at common law).

One California appellate court has addressed the application of the "new right-exclusive remedy" rule to claims for unpaid wages.  In Brewer v. Premier Golf Properties, the court addressed the availability of punitive damages that were predicated solely on violations of the Labor Code's wage and hour provisions.  168 Cal. App. 4th 1243 (2008).  In resolving that question, the court held that the Labor Code sections regulating pay stubs, the minimum wage, and meal and rest breaks created new rights and that the remedies also provided for in the Labor Code constituted the exclusive remedies for violations of those rights under the "new right-exclusive remedy" rule.  Id. at 1252-54.  In Brewer, like in Green, the parties agreed that the Labor Code created new rights, so the court did not discuss the history of common law actions to recover unpaid wages.  Brewer only analyzed the comprehensive nature of the remedies in the Labor Code.  Id. at 1252.  Brewer is therefore not persuasive because a right must be a purely statutory creation before a statutory remedy is considered exclusive.  If a right existed at common law, a statutory remedy is generally cumulative, even if the remedy is comprehensive.  Rojo v. Kliger, 52 Cal. 3d 65, 79-80 (1990) (holding that despite the comprehensive statutory scheme in the Fair Employment and Housing Act, the statute did not preempt common law tort actions for discrimination).

The foregoing authority demonstrates that employees were entitled to recover unpaid wages and overtime compensation at common law. The case law cited by Defendant is not persuasive or controlling because it does not acknowledge the availability of actions to recover wages at common law, skipping the first step of the "new right-exclusive remedy" analysis. The Labor Code did establish minimum wages for regular compensation and overtime compensation, but under the common law, an employee was entitled to recover a reasonable amount for labor performed in quantum meruit or in an action for breach of contract. Brown, 150 Cal. at 383-84. The Labor Code's minimum wage and overtime provisions simply defined what that reasonable amount was, but they did not create the underlying right of an employee to be paid at a fair rate for his labor or the right of that employee to sue for reasonable compensation if he was not. Additionally, Defendant cites no language in the Labor Code itself that preempts common law causes of action.[3] It is therefore the opinion of this Court that if the question were presented to the California Supreme Court, it would find that any cause of action in the Labor Code to recover unpaid wages is cumulative with those that exist at common law. See Rojo, 52 Cal. 4th at 79 (explaining that a statutory remedy for a right existing at common law is cumulative with existing remedies).

---

[3] Plaintiff, on the other hand, argues that California Labor Code §§ 558 and 1197.1(h) shows the legislature's express intent to allow causes of action not contained within the Labor Code. Based on the Court's finding that the Labor Code is not the exclusive remedy for unpaid wage claims, the Court does not reach Plaintiff's argument regarding these sections.

(b) <u>Conversion Claim for Unpaid Wages</u>

      i. <u>Availability of Action for Conversion of Unpaid Wages</u>

After finding that the "new right-exclusive remedy" rule does not preempt common law causes of action to recover unpaid wages, the Court must address whether or not a conversion claim for unpaid wages is viable as a matter of California law.

Conversion is "the wrongful exercise of dominion over the property of another." <u>Oakdale Vill. Grp. v. Fong</u>, 43 Cal. App. 4th 539, 543 (1996). To state a claim for conversion, a plaintiff must allege that (1) he had ownership or rights to possess the property at issue at the time of the conversion; (2) the defendant converted the property by wrongful act; and (3) the plaintiff suffered damages as a result. <u>Id.</u> at 543-44. "Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved[.]" <u>PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP</u>, 150 Cal. App. 4th 384, 395 (2007). While a specific sum must be capable of identification, the law does not require a plaintiff to identify the physical coins or notes allegedly converted. <u>Haigler v. Donnelly</u>, 18 Cal. 2d 674, 681 (1941). California courts generally permit actions for conversion where a readily ascertainable sum has been misappropriated, commingled, or misdirected. <u>PCO</u>, 150 Cal. App. 4th at 396.

Neither party cites a case that expressly approves a conversion claim to recover unpaid wages. One California case found by the Court involved an action by the California Department of Labor Standards Enforcement ("DLSE") to recover

unpaid wages pursuant to a settlement agreement. Dep't of Indus. Relations v. UI Video Stores, Inc. ("Blockbuster"), 55 Cal. App. 4th 1084. The DLSE sued Blockbuster on behalf of employees to recover wages deducted to pay for uniforms in violation of California law. Id. at 459. The parties settled the suit and Blockbuster agreed to send checks in the amount of $38.51 to each of 1,914 employees. Id. A significant portion of the checks was returned as undeliverable, and DLSE demanded the returned checks in order to deposit them in California's unpaid wage fund. Id. Blockbuster eventually turned over the checks, but ordered its bank not to honor them. Id. DLSE sued Blockbuster alleging breach of the settlement agreement and conversion of the wages. Id. The court approved DLSE's action for conversion finding first that the checks constituted wages, which DLSE was authorized by statute to collect on behalf of employees, and second that DLSE could maintain its conversion cause of action as the statutory trustee standing in the shoes of the absent employees. Id. at 460-61, 464.

Vasquez, a case cited by Defendants and also discussed in the preceding section, found that the holding in Blockbuster did not approve a conversion claim for unpaid wages. The Vasquez court reasoned, "The conversion occurred because Blockbuster failed to turn over to the DLSE the undeliverable checks as required by the Settlement Agreement, instead using those funds for Blockbuster's own use." Vasquez v. Coast Valley Roofing Inc., No. CV-F-07-227-OWW-DLB, 2007 WL 1660972, at *5 (E.D. Cal. June 6, 2007). The Vasquez court found that the DLSE was acting to enforce a settlement agreement in Blockbuster, not recover

unpaid wages.  Contrary to Vasquez's description, Blockbuster clearly determined that the checks constituted unpaid wages.  55 Cal. App. 4th at 1091-92.  Further, the Blockbuster court's holding was explicitly based on DLSE's status as the trustee of unpaid wages for absent employees pursuant to Labor Code § 96.7. Id. at 1092-93.  The Blockbuster court's approval of a claim for conversion of unpaid wages was not based on violation of the settlement agreement; it was based on the checks' status as unpaid wages and DLSE's authority to act on behalf of employees to recover them.

In Cortez, also discussed in the preceding section, the California Supreme Court analyzed the legal status of unpaid wages in the context of a claim brought under California's Unfair Competition Law ("UCL").  23 Cal. 4th 163 (2000).  The court held that wages, once earned, become the property of the employee. Id. at 168.  The Cortez decision relied on the doctrine of equitable conversion under which the law considers "that which ought to have been done as done." Id. at 178 (citing Cal. Civ. Code § 3529 and Parr-Richmond Indus. Corp. v. Boyd, 43 Cal. 2d 157, 165 (1954)).  The sole remedy available under § 17200 is restitution of lost money or property, but the court found that employees possess equitable title in their earned but unpaid wages because the employer had a legal obligation to pay them. Id.  Cortez therefore held that unpaid wages could be awarded as restitution for wrongfully acquired money or property under the UCL, even though the UCL does not authorize compensatory damages and the employees never had physical possession of their lost property, i.e., their unpaid wages. Id.  This aspect of the

1 Cortez holding is instructive first because it shows that
2 employees are deemed to possess their wages when they earn them,
3 and second that recovery of unpaid wages is not limited to
4 remedies sounding in contract or the Labor Code.  See Watson
5 Labs., Inc. v. Rhone-Poulenc Rorer, Inc., 178 F. Supp. 2d 1099,
6 1125 (C.D. Cal. 2001) (explaining that a breach of contract alone
7 does not form the predicate for a § 17200 claim).
8     Plaintiff also cites Lu v. Hawaiian Gardens Casino, Inc. to
9 support his position that conversion claims are available to
10 recover unpaid wages. 50 Cal. 4th 592 (2010).  In Lu, the
11 California Supreme Court addressed the narrow issue of the
12 availability of a private right of action to recover gratuities
13 improperly withheld by an employer under California Labor Code
14 § 351.  Section 351 prohibits an employer from withholding
15 gratuities and establishes that each gratuity is "the sole
16 property of the employee or employees to whom it was paid, given,
17 or left for."  Cal. Lab. Code § 351.  The court determined that
18 no private right of action existed under the statute, but it also
19 made it clear that employees could recover gratuities through
20 other means, such as an action for conversion.  Lu, 50 Cal. 4th
21 at 603-04.  Based on the holding in Cortez, it logically follows
22 that employees hold legal title to their earned but unpaid wages
23 in a manner that is indistinguishable from the legal title to
24 their gratuities created by Labor Code § 351.  The holdings in Lu
25 and Cortez therefore support Plaintiff's position that his
26 conversion claim for unpaid wages is legally viable.  It should
27 also be noted that the Green, Pulido, Wal-Mart, and Vasquez cases
28

1  were all decided prior to Lu, and were therefore unable to
2  consider the California Supreme Court's reasoning in that case.
3       Based on the foregoing, there is clear authority under
4  California law that employees have a vested property interest in
5  the wages that they earn, failure to pay them is a legal wrong
6  that interferes with the employee's title in the wages, and an
7  action for conversion can therefore be brought to recover unpaid
8  wages.  The Blockbuster decision alone is sufficient authority to
9  find that a cause of action for conversion of unpaid wages is
10 viable.  Additionally relying on the holdings in Lu and Cortez,
11 which establish the exact legal nature of earned but unpaid wages
12 under California law, this Court finds that if the issue were
13 presented to the California Supreme Court, it would approve a
14 conversion action for unpaid wages just as it indicated such an
15 action is available for converted gratuities.

                        ii.   Specific Sum Converted

17      Defendant argues that even if the Labor Code does not
18 preempt Plaintiff's conversion claim, the claim is inadequately
19 pled in this instance because Plaintiff does not identify a
20 specific sum converted by Defendant.  Plaintiff responds that the
21 sum converted is easily determined based on hourly rates and the
22 number of hours worked.  Plaintiff also argues that under
23 California law, the employer is responsible for keeping wage
24 records, making any uncertainty attributable to Defendant.
25      The problem with Plaintiff's position is that there is no
26 indication in the complaint that the wages sought constitute an
27 identifiable sum or how such a sum can be readily ascertained.
28 An allegation to that effect is a necessary element of a properly

                                 16

pled conversion claim. PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 395-96 (2007). Plaintiff's conversion claim is therefore improperly pled. Since Plaintiff may be able to cure this defect through amendment, Plaintiff is granted leave to amend the complaint.

### 2. Eighth Cause of Action, Cal. Bus. & Prof. Code § 17200

Defendant seeks dismissal of Plaintiff's eighth cause of action brought to recover unpaid wages under California Business and Professions Code § 17200. Defendant contends that the claim is improper because Plaintiff did not allege a quantifiable sum. Plaintiff responds that under Cortez the claim is permissible and adequately pled.

Defendant cites Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1150 (2003), and Cortez to support its argument. Both of those cases indicate that a § 17200 claim can be brought to recover unpaid wages. Korea Supply specifically distinguishes its holding from Cortez, stating, "Unlike Cortez, then, the monetary relief requested by [Korea Supply Co.] does not represent a quantifiable sum owed by defendants to plaintiff." Id. (emphasis added). As discussed above, Cortez authorizes a § 17200 claim for unpaid wages, a point that Defendant seems to concede by not rebutting Plaintiff's arguments on this specific claim in its reply. Defendant's motion to dismiss this claim is accordingly denied.

### 3. Punitive Damages

Defendant argues that Plaintiff's punitive damages claim should be dismissed because it is predicated solely on

Plaintiff's conversion claim.  Plaintiff does not contest this point in his opposition.  Accordingly, Plaintiff's claim for punitive damages is also dismissed with leave to amend.

### III. ORDER

For the foregoing reasons, Defendant's Motion to Dismiss is granted with respect to Plaintiff's Seventh claim for conversion and his punitive damages claim.  Defendant's motion is denied with respect to plaintiff's Eighth claim for relief.  Plaintiff is given leave to amend his complaint within 20 days of this Order.  Defendant is ordered to file a responsive pleading within either 20 days of any amended complaint or 40 days of this Order, whichever occurs sooner.

IT IS SO ORDERED.

Dated: July 1, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE