1 | **LAW OFFICES OF THOMAS W. FALVEY**
THOMAS W. FALVEY, SBN 65744
2 | J.D. HENDERSON, SBN 235767
MIKE H. BOYAMIAN, SBN 256107
3 | 301 North Lake Avenue, Suite 800
Pasadena, California 91101
4 | T: (626)795-0205 | F: (626) 795-3096
E: thomaswfalvey@gmail.com; hendersonj2004@gmail.com;
5 | mike.falveylaw@gmail.com

6 | **ALEXANDER KRAKOW + GLICK LLP**
Marvin E. Krakow (SBN 81228)
7 | Michael S. Morrison (SBN 205320)
401 Wilshire Boulevard, Suite 1000
8 | Santa Monica, California 90401
T: (310) 394-0888 | F: (310) 394-0811
9 | E: mkrakow@akgllp.com; mmorrison@akgllp.com

10 | **WUCETICH & KOROVILAS LLP**
JASON M. WUCETICH (SBN 222113)
11 | DIMITRIOS V. KOROVILAS (SBN 247230)
222 North Sepulveda Boulevard, Suite 2000
12 | El Segundo, CA 90245
T: (310) 335-2001| F: (310) 364-5201
13 | E: jason@wukolaw.com; dimitri@wukolaw.com

14 | Attorneys for Plaintiff PHILLIP SIMS,
individually and on behalf of all others
15 | similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP SIMS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>AT&T MOBILITY SERVICES LLC, a Delaware limited liability company, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 2:12-CV-2702-JAM-AC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE § 1194);**<br><br>2. **FAILURE TO PAY ALL WAGES EARNED AND MIN. WAGE VIOLATIONS (CAL. LABOR CODE §§ 216, 1194, 1194.2 & 1197);**<br><br>3. **FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (CAL. LABOR CODE §§ 226.7 & 512);**<br><br>4. **WAITING TIME PENALTIES (CAL. LABOR CODE § 203);** |

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

|   |   |
|---|---|
| ) | 5. **VIOLATION OF CAL. LABOR CODE § 204;** |
| ) | |
| ) | 6. **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (CAL. LABOR CODE § 226);** |
| ) | 7. **CONVERSION; AND** |
| ) | 8. **UNFAIR BUSINESS PRACTICES (CAL. BUS. AND PROF. CODE §§ 17200 ET SEQ.)** |
| ) | **DEMAND FOR JURY TRIAL** |

Plaintiff PHILLIP SIMS ("PLAINTIFF"), individually and behalf of all others similarly situated, and the general public, complains and alleges on information and belief the following against AT&T MOBILITY SERVICES LLC ("AT&T"), and DOES 1-10 (collectively, "DEFENDANTS"):

## INTRODUCTION

1. This case arises out of DEFENDANTS' systemic, company-wide unlawful treatment of PLAINTIFF and similarly situated employees which they wrongfully classified and/or continue to classify as being exempt under wage and hour protections incorporated into California law. AT&T MOBILITY SERVICES LLC is the second-largest wireless voice and data carrier in the United States by subscribers (after Verizon). The company, which accounts for about 40% of parent AT&T's business, provides a full range of wireless voice, messaging, and data services to consumer and enterprise customers. DEFENDANTS own and operate wireless stores throughout California which sell AT&T MOBILITY SERVICES LLC's products.

2. PLAINTIFF and all other similarly situated employees are employed by DEFENDANTS as Retail Sales Managers ("RSMs") at DEFENDANTS' wireless stores. DEFENDANTS classify RSMs as being exempt from state and federal laws with respect to the payment of overtime and other requirements employers are required to provide to non-exempt employees. DEFENDANTS have not been relieved of their legal obligation to pay overtime and provide other Labor Code protections to PLAINTIFFS and all other similarly situated RSMs.

1  RSMs are working forepersons who sell products to consumers, but DEFENDANTS do not pay
2  RSMs commissions based on a percentage of the price of the product sold, and most of the duties
3  performed by RSMs are indistinguishable from that of DEFENDANTS' non-exempt sales
4  representatives.  DEFENDANTS exercise complete control over the RSMs' daily activities,
5  leaving them little or no discretion as to how they spend their time.  For instance, RSMs are
6  required by DEFENDANTS' written policies to be on the sales floor at least 80% of the time,
7  and many sales transactions can only be completed by RSMs.  DEFENDANTS are fully aware
8  that they have not been relieved of their legal obligation to pay overtime and provide other
9  protections of the Labor Code to RSMs, as evidenced in part by the fact that DEFENDANTS
10 already settled a class action lawsuit alleging DEFENDANTS failed to pay RSMs overtime
11 wages as required by law.  Indeed, PLAINTIFF is informed and believes, and thereon alleges,
12 that DEFENDANTS classified RSMs as non-exempt after the class action lawsuit and paid them
13 on an hourly basis.  A few short years ago, however, likely due the pressures of the worsening
14 economy, PLAINTIFF is  informed and believes, and thereon alleges, that DEFENDANTS
15 reclassified all RSMs in California as exempt, but made no change to RSMs' job duties.
16 DEFENDANTS' violations of the law as described herein were willful and done according to
17 DEFENDANTS' established policies and procedures.
18        3.        PLAINTIFF brings this action under California overtime statutes and regulations
19 and California's unfair competition laws.  More specifically, PLAINTIFF asserts that he and the
20 class members are entitled to unpaid wages, including unpaid overtime wages, compensation for
21 missed meal and rest periods, and all applicable statutory damages and penalties, plus punitive
22 damages related to the common law cause of action for conversion.

23                                    **PARTIES**
24        4.        PLAINTIFF worked for AT&T as an RSM during the applicable statute of
25 limitations period at a number of stores in San Joaquin County.  Throughout his employment
26 with AT&T, PLAINTIFF was misclassified as exempt from state and federal labor laws.
27        5.        Defendant AT&T MOBILITY SERVICES LLC ("AT&T") is a limited liability
28 company organized and existing under the laws of the state of Delaware.  Plaintiff is informed

1  and believes, and thereon alleges, that AT&T's corporate headquarters are located at 1025 Lenox
2  Park Boulevard NE, Suite 5D46, Atlanta, Georgia, 30319.

3      6.    The true names and capacities of defendants named in the complaint as DOES 1-
4  10, inclusive, whether individual, corporate, associate, or otherwise, are currently unknown to
5  PLAINTIFF, who therefore sues such defendants by such fictitious names.  PLAINTIFF will
6  seek leave of court to amend this Complaint to show true names and capacities of the defendants
7  designated as DOES 1 through 10, inclusive, when their identities become known.

8      7.    At all times mentioned, DEFENDANTS, and each of them, were the agents,
9  representatives, employees, successors, assigns, parents, subsidiaries and/or affiliates, each of the
10 other, and at all times pertinent hereto were acting within the course and scope of their authority
11 as such agents, representatives, employees, successors, assigns, parents, subsidiaries and/or
12 affiliates. PLAINTIFF also alleges that DEFENDANTS were, at all times relevant hereto, the
13 alter egos of each other.  Wherever reference is made to DEFENDANTS, it is intended to include
14 all of the named DEFENDANTS as well as the DOE Defendants.  Each of the fictitiously named
15 DOE Defendants is responsible in manner for the occurrences alleged and proximately caused
16 PLAINTIFF's damages and the damages of the Class.

17     8.    Section 2 of the applicable California Industrial Wage Commission ("IWC")
18 Order defines an "employer" as any "person as defined in Section 18 of the Labor Code, who
19 directly or indirectly, or through an agent or any other person, employs or exercises control over
20 the wages, hours or working conditions of any person."  PLAINTIFF is informed and believes
21 and, based thereon, alleges that DEFENDANTS, directly or indirectly, or acting through the
22 agency of each other, employ or exercise control over the wages, hours or working conditions of
23 PLAINTIFF and the members of the class defined below.  Furthermore, on information and
24 belief, a centralized payroll and accounting system is used to pay the wages of PLAINTIFF and
25 the rest of the members of the class at all of DEFENDANTS' locations.  Specifically,
26 DEFENDANTS pay the wages and other benefits of all class members and direct and control,
27 with the assistance of or through the agency of the other named Defendants, the terms and
28 ///

conditions of all class members' employment.  Accordingly, DEFENDANTS are deemed the employers of PLAINTIFF and the rest of the class.

## CLASS ACTION ALLEGATIONS

9. PLAINTIFF brings this action on behalf of himself and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23, on behalf of the following class (referred to as the "CLASS").  The CLASS is composed of and defined as follows:

> **All Retail Sales Managers ("RSMs") in AT&T's district encompassing the Central Valley of California who work(ed) for AT&T MOBILITY SERVICES LLC at any time within four years prior to the initiation of this action until the present (hereinafter "the CLASS period").**

10. The members of the CLASS are so numerous that joinder of all members would be unfeasible and not practicable.  The membership of the entire class is unknown to PLAINTIFF at this time; however, it is estimated that the entire class is greater than 100 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by DEFENDANTS.

11. There are common questions of law and fact as to the CLASS which predominate over questions affecting only individual members, including, without limitation:

   A.   Whether DEFENDANTS denied PLAINTIFF and the CLASS all of the wages, including overtime wages, to which they were entitled pursuant to the California Labor Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other applicable Employment Laws and Regulations;

   B.   Whether DEFENDANTS failed to provide PLAINTIFF and the CLASS with meal and rest periods as required by law;

   C.   Whether DEFENDANTS failed to provide PLAINTIFF and the CLASS with accurate itemized statements;

   D.   Whether DEFENDANTS owe PLAINTIFF and the CLASS waiting time penalties pursuant to California Labor Code § 203;

   E.   Whether DEFENDANTS violated California Labor Code § 204 by failing to pay all wages earned in a timely manner;

///

      F.     Whether DEFENDANTS engaged in unfair business practices under § 17200 of the California Business and Professions Code;

      G.     Whether DEFENDANTS wrongfully converted the property of PLAINTIFF and the CLASS with malice, oppression or fraud thereby justifying the award of punitive and exemplary damages; and

      H.     The effect upon and the extent of damages suffered by PLAINTIFF and the CLASS and the appropriate amount of compensation and penalties.

12. The claims of PLAINTIFF pled as class action claims are typical of the claims of all members of the CLASS as they arise out of the same course of conduct and are predicated on the same violation(s) of the law. PLAINTIFF, as a representative, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through his attorneys who are skilled and experienced in handling matters of this type.

13. The nature of this action and the nature of the laws available to the CLASS make the class action format a particularly efficient and appropriate procedure to afford relief to the CLASS. Further, this case involves a corporate employer and a large number of individual employees possessing claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named PLAINTIFF experienced, is representative of the CLASS mentioned herein and will establish the right of each of the members of the CLASS to recovery on the claims alleged herein.

14. The prosecution of separate actions by the individual class members, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts or adjudications

1  with respect to the individual class members against the defendants herein; and/or (b) legal

2  determinations with respect to individual class members which would, as a practical matter, be

3  dispositive of the other class members' claims who are not parties to the adjudications and/or

4  would substantially impair or impede the ability of class members to protect their interests.

5  Further, the claims of the individual members of the class are not sufficiently large to warrant

6  vigorous individual prosecution considering all of the concomitant costs and expenses attending

7  thereto.  PLAINTIFF is unaware of any difficulties that are likely to be encountered in the

8  management of this action that would preclude its maintenance as a class action.

9  **FACTS COMMON TO ALL CAUSES OF ACTION**

10  15.  PLAINTIFF and members of the CLASS were employed as Retail Sales

11  Managers ("RSMs"), at DEFENDANTS' AT&T Wireless Stores in the Central Valley of

12  California.  PLAINTIFF and members of the CLASS were classified as salaried exempt from

13  state and federal overtime laws throughout their employment with DEFENDANTS.   However, it

14  is clear that neither PLAINTIFF nor members of the CLASS meet the requirements for any

15  exemption from state and federal overtime laws.

16  16.  In particular, PLAINTIFF and members of the CLASS are not exempt.  Although

17  given the title of "manager," the vast majority of work performed by PLAINTIFFS and members

18  of the CLASS  was and is not managerial in nature and is virtually indistinguishable from work

19  performed by lower level, non-exempt employees.  According to DEFENDANTS' written

20  policies, which are regularly and heavily monitored and enforced, RSMs are required to spend

21  80% of their work time on the sales floor, where their duties include, but are not limited to: (1)

22  greeting customers; (2) pre-screening customers in order to direct them to the appropriate sales

23  representative; (3) assisting in direct sales with customers; (4) closing out certain sales of AT&T

24  products, such as U-Verse; (5) merchandising (i.e. setting up displays for products and putting up

25  banners); and (6) making sure the store looked presentable (e.g.  wiping down screens and

26  counters and picking up trash).  In addition to their mandatory time on the sales floor, RSMs are

27  also responsible for performing non-exempt tasks such as: (1) taking inventory; (2) picking up

28  products from other stores that are not in stock at their store; and (3) reporting data via

conference calls; and (4) participating in mandatory "boot camp" training sessions. RSMs exercise little to no discretion and independent judgment in the performance of their duties. For instance, they are not permitted to decide where to place batteries, or headphones, or any other item, on the sales floor. Instead, they are required to follow detailed "plan-o-grams" which show exactly where items are to be placed on the sales floor - which shelf, what items are to be placed next to other items, and so forth. RSMs do not even have discretion when it comes to what they say, instead their encounters with customers are pre-scripted to the furthest extent possible. They must follow strict guidelines, including when to shake hands, how far away from the customer to greet them, whether to be behind the sales counter or come out from behind the counter, word for word what to say when first greeting the customer, what questions to ask during a transaction, and so forth. Nor do RSMs have discretion to "manage" the other employees in the stores they work at, instead, all discipline, rewards, training, and every other action of significance in the store is dictated by, and heavily monitored by, upper management. RSMs are working forepersons, the modern-day equivalent of the "strawboss." 29 CFR § 541.115 (2000) (the IWC Wage Orders incorporate the Federal Regulations as of 2000, but not later revisions - see, e.g. Wage Order 4-2001, § 1(A)(1)(e) ("Such employees, sometimes known as strawbosses, or gang or group leaders perform the same kind of work as that performed by their subordinates, and also carry on supervisory functions.").

17. RSMs do not:
    (a) carry out major assignments in conducting the operations of the business;
    (b) perform work that affects business operations to a substantial degree;
    (c) have the authority to commit the employer in matters that have financial impact;
    (d) have the authority to waive or deviate from established policies and procedures without prior approval;
    (e) have the authority to negotiate or bind the company on significant matters;
    (f) provide consultation or expert advice to management;
    (g) participate in long-term planning business objectives;

      (h)      investigate and resolve matters of significance on behalf of management; nor

      (i)      represent the company in handling complaints, arbitrating disputes or resolving grievances.

18.    PLAINTIFF and members of the CLASS , as RSMs, were and are required to work extremely long hours on behalf of DEFENDANTS. RSMs routinely work six days a week and between ten and twelve hours a day. The demands of the store do not allow them to take work-free meal and rest periods as required by law. Ultimately, DEFENDANTS' deliberate misclassification of PLAINTIFF and the CLASS results in substantial savings and benefits to themselves at the expense of their employees.

19.    The time for which RSMs were not compensated is capable of being determined with specificity via DEFENDANTS' own records, including but not limited to telephone, text, and email records reflecting hours worked, attendance at mandatory "boot camp" training sessions, data related to electronic security systems, including but not limited to codes used to activate and deactivate alarm systems, video recordings of the sales floor, payroll records, data reflecting RSM access to DEFENDANTS' computer systems, including but not limited to on-line training, and other such records. In addition, under California Labor Code section 1174(d), employers must keep, "at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by... employees employed at the respective plants or establishments." *See also Hernandez v. Mendoza*, 199 Cal.App.3d 721 (1988) (where employer fails to keep accurate records, employees may present evidence of hours worked which the employer bears the burden of disproving); *Anderson v. Mt. Clemens Pottery Co.*, 328 US 680, 687 (1946) ("Due regard must be given to the fact that it is the employer who has the duty... to keep proper records"). An employer who fails in that duty should not be allowed to benefit from it. As the United States Supreme Court reasoned: "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of [the law, not even when] the lack of accurate records grows out of a bona fide mistake.... the rule

9

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  that precludes the recovery of uncertain and speculative damages.... applies only to situations
2  where the fact of damage is itself uncertain.  But here we are assuming that the employee has
3  proved that he has performed work and has not been paid in accordance with the statute.  The
4  damage is therefore certain." *Id.*, 328 US at 688.

## FIRST CAUSE OF ACTION

FAILURE TO PAY OVERTIME COMPENSATION

(CALIFORNIA LABOR CODE SECTION 1194)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS against all DEFENDANTS.

20.   PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

21.   DEFENDANTS routinely required PLAINTIFF and members of the CLASS to work more than eight (8) hours per day, twelve (12) hours/day, and/or forty (40) hours/week.

22.   DEFENDANTS failed to fully compensate PLAINTIFF and members of the CLASS for all wages earned, including overtime wages.

23.   PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to fully compensate PLAINTIFF and the CLASS for all wages earned and overtime work was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

24.   As a proximate cause of the aforementioned violations, PLAINTIFF and the CLASS have been damaged in an amount according to proof at time of trial.  PLAINTIFF and the CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Section 558, plus interest, reasonable attorney fees and costs of suit according to the mandate of California Labor Code, § 1194, et. seq.

///

///

///

**SECOND CAUSE OF ACTION**

FAILURE TO PAY FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS

(CALIFORNIA LABOR CODE SECTIONS 216, 1194, 1194.2 and 1197)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS against all DEFENDANTS.

25. PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

26. PLAINTIFF brings this action to recover unpaid compensation for all hours worked, defined by the applicable IWC Wage Order as the time during which an employee is subject to the control of the employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

27. DEFENDANTS failed to compensate PLAINTIFF and the CLASS for all hours worked, including all hours in excess of 8 in a day and/or 40 in a week. This conduct violates, *inter alia*, Labor Code sections 216, 1194 and 1197.

28. PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to fully compensate PLAINTIFF and the CLASS for all wages earned was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations. DEFENDANTS knew or should have known that PLAINTIFF and the CLASS were working these hours.

29. PLAINTIFF and the CLASS are entitled to recover the unpaid balance of wages owed, plus interest on that amount, liquidated damages pursuant to Labor Code section 1194.2, and penalties. PLAINTIFF and the CLASS are also entitled to recover reasonable attorney fees and costs of suit pursuant to Labor Code, ' 1194, et. seq.

///

///

///

///

///

## THIRD CAUSE OF ACTION

FAIILURE TO PAY MEAL AND REST PERIOD COMPENSATION

(CALIFORNIA LABOR CODE SECTIONS 226.7 AND 512)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS against all DEFENDANTS.

30. PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

31. DEFENDANTS failed to provide PLAINTIFF and members of the CLASS with uninterrupted, work-free 30-minute meal periods for shifts in excess of five (5) hours worked and to compensate them for these missed meal periods as required by law.

32. DEFENDANTS, throughout PLAINTIFF's employment with DEFENDANTS, failed to give PLAINTIFF any breaks for shifts in excess of four (4) hours as required by law and failed to compensate him for missed rest breaks.  DEFENDANTS also failed to give members of the CLASS breaks for shifts in excess of four (4) hours as required by law and failed to compensate them for missed rest breaks.

33. PLAINTIFF is informed and believes, and thereon alleges that the failure of DEFENDANTS to provide meal and rest breaks and to compensate PLAINTIFF and the CLASS for these missed meal and rest breaks was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

34. As a proximate cause of the aforementioned violations, PLAINTIFF and members of the CLASS have been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.  PLAINTIFF and the CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Sections 226, 226.7 and 558, plus interest, reasonable attorneys' fees and costs of suit according to the mandate of California Labor Code, §§ 218.5 and 1194, et. seq.

///

///

///

**FIRST AMENDED CLASS ACTION COMPLAINT**

## FOURTH CAUSE OF ACTION

WAITING TIME PENALTIES

(CALIFORNIA LABOR CODE § 203)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS against all DEFENDANTS.

35. PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

36. Pursuant to California Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately. Pursuant to California Labor Code § 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of the resignation.

37. PLAINTIFF and members of the CLASS were either terminated by DEFENDANTS or have resigned from their employment with DEFENDANTS. To this day, neither PLAINTIFF nor members of the CLASS have received the wages and other compensation they rightfully earned.

38. DEFENDANTS, and each of them, willfully refused and continue to refuse to pay PLAINTIFF and members of the CLASS all wages earned, including overtime compensation, in a timely manner, as required by California Labor Code § 203. PLAINTIFF therefore requests restitution and penalties as provided by California Labor Code § 203.

## FIFTH CAUSE OF ACTION

VIOLATION OF LABOR CODE § 204

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS  against all DEFENDANTS.

39. PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

40. During the Class period, Labor Code § 204 applied to DEFENDANTS' employment of PLAINTIFF and the CLASS. At all times relevant hereto, Labor Code section

1  204 provided that all wages earned by any employee, such as PLAINTIFF and members of the
2  CLASS, in any employment between the 1st and 15th days, inclusive, of any calendar month,
3  other than those wages due upon termination of an employee, are due and payable between the
4  16th and 26th day of the month during which the work was performed.  Furthermore, at all times
5  relevant hereto, Labor Code section 204 provided that all wages earned by any employee, such as
6  PLAINTIFF and members of the CLASS, in any employment between the 16th and the last day,
7  inclusive, of any calendar month, other than those wages due upon termination of an employee,
8  are due and payable between the 1st and 10th day of the following month.

9      41.    During the class period, DEFENDANTS failed to pay PLAINTIFF and members
10 of the CLASS wages for all hours worked.

11     42.    During the class period, DEFENDANTS failed to pay PLAINTIFF and members
12 of the CLASS for all wages earned, and, therefore violated Labor Code section 204.
13 Accordingly,  PLAINTIFF and members of the CLASS are entitled to recover all damages,
14 penalties and other remedies available for violation of Labor Code section 204.

## SIXTH CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

(CALIFORNIA LABOR CODE § 226)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS  against all DEFENDANTS.

20     43.    PLAINTIFF realleges and incorporates, by reference, as though fully set forth
21 herein, all allegations contained in this complaint.

22     44.    DEFENDANTS failed to provide PLAINTIFF and members of the CLASS with
23 accurate itemized statements as required by Cal. Labor Code § 226.

24     45.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS
25 knowingly and intentionally provided inaccurate and incomplete itemized statements.  As a
26 result, PLAINTIFF and members of the CLASS are entitled to recover the greater of all actual
27 damages or fifty dollars ($50) for the initial pay period in which the violation occurred and one
28 hundred dollars ($100) per employee for each subsequent pay period in which the violation

occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, and are entitled to an award of costs and reasonable attorney's fees.

### SEVENTH CAUSE OF ACTION

CONVERSION

(CALIFORNIA CIVIL CODE §§ 3336 AND 3294)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS against all DEFENDANTS.

46. PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

47. As alleged above, DEFENDANTS wrongfully withheld earned wages and other monies from PLAINTIFF and members of the CLASS. In particular, DEFENDANTS failed to pay PLAINTIFF and members of the CLASS all wages they earned pursuant to the applicable Employment Laws and Regulations.

48. At all relevant times, DEFENDANTS had and continue to have a legal obligation imposed by statute to pay PLAINTIFF and members of the CLASS all earned wages and other compensation due to them. Such wages and compensation vested to PLAINTIFF and members of the CLASS at the time the labor and services were provided to DEFENDANTS, and, accordingly, such wages and compensation are the property of PLAINTIFF and members of the CLASS, not DEFENDANTS.

49. DEFENDANTS knowingly and intentionally failed to pay PLAINTIFF and members of the CLASS all wages earned. Instead, DEFENDANTS converted PLAINTIFF's and members of the CLASS' property and converted it to DEFENDANTS' own use and benefit. The amount of property (wages belonging to PLAINTIFF and the CLASS) wrongfully converted is capable of being ascertained using DEFENDANTS' own records and other data.

50. PLAINTIFF and members of the CLASS have been injured by DEFENDANTS' intentional conversion of such wages and compensation. PLAINTIFF and the CLASS are entitled to immediate possession of all amounts converted by DEFENDANTS, with interest, as well as any and all profits that DEFENDANTS acquired by their unlawful conversion.

1  51. DEFENDANTS' actions constituting conversion were oppressive, malicious, and
2  fraudulent, and were concealed by DEFENDANTS, and each of them, from PLAINTIFF and the
3  CLASS. PLAINTIFF and the CLASS have been injured by DEFENDANTS' oppressive,
4  malicious, intentional and fraudulent actions, entitling PLAINTIFF and the CLASS to punitive
5  and exemplary damages.

## EIGHTH CAUSE OF ACTION

UNFAIR BUSINESS PRACTICES

(CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the CLASS against all DEFENDANTS.

52. PLAINTIFF realleges and incorporates, by reference, as though fully set forth herein, all allegations contained in this complaint.

53. DEFENDANTS' violations of the Employment Laws and Regulations, as alleged herein, include, among other things: (1) DEFENDANTS' failure and refusal to pay all wages, including overtime wages, earned by PLAINTIFF and the CLASS pursuant to DEFENDANTS' illegal pay practices described above; (2) DEFENDANTS' willful and deliberate failure to provide meal and rest periods as required by law; and (3) DEFENDANTS' wrongful withholding and conversion of wages and compensation due to PLAINTIFF and the CLASS. The aforementioned violations constitute unfair business practices in violation of the Unfair Competition Law, California Business & Professions Code Section 17200, et seq.

54. As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFFS, the CLASS and members of the public. DEFENDANTS should be compelled to restore such monies to PLAINTIFF and the CLASS.

///
///
///
///

**PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF prays for judgment as follows:

1. That the Court determines this action may be maintained as a class action;
2. For general and compensatory damages, according to proof;
3. For restitution of all monies due to PLAINTIFF and the CLASS and disgorgement of profits from the unlawful business practices of DEFENDANTS;
4. For penalties pursuant to the California Labor Code and all other applicable Employment Laws and Regulations;
5. For interest accrued to date;
6. For costs of the suit incurred herein;
7. For punitive damages and exemplary damages, according to proof;
8. For attorneys' fees and costs pursuant to California Labor Code §§ 226 and 1194; and
9. For such other and further relief that the Court may deem just and proper.

DATED: July 21, 2013         LAW OFFICES OF THOMAS W. FALVEY

WUCETICH & KOROVILAS LLP

ALEXANDER KRAKOW + GLICK LLP


By:_____
     J.D. Henderson
     Attorneys for Plaintiff PHILLIP SIMS,
     individually and on behalf of all others similarly
     situated

17

**FIRST AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

PLAINTIFF and members of the CLASS further request a trial by jury on all issues so triable.

DATED: July 21, 2013        LAW OFFICES OF THOMAS W. FALVEY

WUCETICH & KOROVILAS LLP

ALEXANDER KRAKOW + GLICK LLP


By:_____
   J.D. Henderson
   Attorneys for Plaintiff PHILLIP SIMS,
   individually and on behalf of all others similarly
   situated

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF prays for judgment as follows:

1. That the Court determines this action may be maintained as a class action;
2. For general and compensatory damages, according to proof;
3. For restitution of all monies due to PLAINTIFF and the CLASS and disgorgement of profits from the unlawful business practices of DEFENDANTS;
4. For penalties pursuant to the California Labor Code and all other applicable Employment Laws and Regulations;
5. For interest accrued to date;
6. For costs of the suit incurred herein;
7. For punitive damages and exemplary damages, according to proof;
8. For attorneys' fees and costs pursuant to California Labor Code §§ 226 and 1194; and
9. For such other and further relief that the Court may deem just and proper.

DATED: July 21, 2013

LAW OFFICES OF THOMAS W. FALVEY

WUCETICH & KOROVILAS LLP

ALEXANDER KRAKOW + GLICK LLP

By: _____
J.D. Henderson
Attorneys for Plaintiff PHILLIP SIMS, individually and on behalf of all others similarly situated

---

17

**FIRST AMENDED CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

PLAINTIFF and members of the CLASS further request a trial by jury on all issues so triable.

DATED: July 21, 2013

LAW OFFICES OF THOMAS W. FALVEY

WUCETICH & KOROVILAS LLP

ALEXANDER KRAKOW + GLICK LLP

By: *(signed)*
J.D. Henderson
Attorneys for Plaintiff PHILLIP SIMS, individually and on behalf of all others similarly situated

18
**FIRST AMENDED CLASS ACTION COMPLAINT**